```
UNITED STATES DISTRICT COURT              USDC SDNY
SOUTHERN DISTRICT OF NEW YORK             DOCUMENT
KARIM JONES,                              ELECTRONICALLY FILED
                                          DOC #: _____
                    Plaintiff,            DATE FILED:  3/28/2019

         -against-                        18 Civ. 2957 (AT)

THE CITY OF NEW YORK and "JOHN DOE"       ORDER
1–2 (Shield No. unknown at this time), employed
by the New York City Police Department
individually and in their official capacity as Police
Officers from the 45th Precinct,

                    Defendants.
```

ANALISA TORRES, District Judge:

On April 4, 2018, Plaintiff opened this case. *See* 4/4/2018 ECF Entries. On April 13, 2018, the Honorable Colleen McMahon closed the case because Plaintiff had not filed a complaint. ECF No. 1. Five months later, on September 20, 2018, Plaintiff requested that the case be reopened. ECF No. 2. Plaintiff's counsel stated that she "did not see the ECF bounce notification that there was [a] filing deficiency," but also stated that "I know that I did not request summons to be issued on the case at that time." *Id.* On September 25, 2018, Plaintiff filed his complaint. ECF No. 3. On September 26, 2018, this case was reassigned to this Court's docket. *See* 9/26/2018 ECF Entries. On September 28, 2018, Plaintiff filed a request for issuance of summons as to Defendant City of New York. ECF No. 7. On October 1, 2018, the Clerk of Court directed Plaintiff to refile the request for issuance of summons based on deficiencies in the first request. *See* 10/1/2018 ECF Entry. Plaintiff did not do so. On March 19, 2019, the Court ordered Plaintiff to show cause why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m), and warned that failure to respond "<u>will</u> result in dismissal of the action." ECF No. 10. Plaintiff did not respond, and has not taken any action in this case since filing the deficient request for issuance of summons six months ago.

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed the court— . . . after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Plaintiff has not responded to the Court's show cause order, and, therefore, has not shown good cause. Because "Plaintiff has provided no excuse for [his] delay," the Court will instead "consider whether to exercise its discretion to extend Plaintiff's time to effect proper service." *Brunson-Bedi v. New York (Hudson Valley DDSO)*, No. 15 Civ. 9790, 2018 WL 2084171, at *6 (S.D.N.Y. May 1, 2018) (citing Fed. R. Civ. P. 4(m)).

"In determining whether a discretionary extension is appropriate in the absence of good cause, a court considers the following four factors: (1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the

complaint; (3) whether defendant attempted to conceal the defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010). However, "[t]he Second Circuit has stated clearly that even if the balance of hardships favors the plaintiff[,] a district court may still decline to excuse a failure to timely serve the summons and complaint where the plaintiff fails to advance some colorable excuse for neglect." *Vaher v. Town of Orangetown, N.Y.*, 916 F. Supp. 2d 404, 421 (S.D.N.Y. 2013).

With respect to the first factor, Plaintiff's first cause of action is brought pursuant to 42 U.S.C. § 1983, arising out of an incident that occurred on April 25, 2017. ECF No. 3 ¶ 18. "Section 1983 claims brought in New York are subject to a three-year statute of limitations." *Hixon v. City of New York*, No. 14 Civ. 2504, 2015 WL 4470078, at *2 (S.D.N.Y. July 13, 2015). Accordingly, the statute of limitations has not yet expired on Plaintiff's § 1983 claim, and this factor weighs against Plaintiff.[1] With respect to the second factor, there is no indication that the City of New York has had actual notice of the claims asserted in the complaint. This also weighs against Plaintiff. "The third factor is inapplicable, as there is no evidence that [Plaintiff] attempted to conceal the lack of service." *Etheredge-Brown v. Am. Media, Inc.*, No. 13 Civ. 1982, 2015 WL 4877298, at *4 (S.D.N.Y. Aug. 14, 2015). The fourth factor weighs toward Plaintiff, because there is no indication that Defendants would be prejudiced by a delay. *But cf. Zapata v. City of New York*, 502 F.3d 192, 198 (2d Cir. 2007) (finding that a defendant would be prejudiced by "a generous extension of the service period beyond the limitations period for the action"). Having considered the relevant factors, especially that Plaintiff has "fail[ed] to advance some colorable excuse for neglect," *Vaher*, 916 F. Supp. 2d at 421, the Court declines to exercise its discretion to grant an extension.

Accordingly, the action is DISMISSED. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: March 28, 2019
       New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] Plaintiff brings additional state law claims. *See* ECF No. 3. The Court, however, need not analyze the applicable statutes of limitations for each additional claim, because "[t]he fact that plaintiff's claims may be time-barred does not require us to exercise our discretion in favor of plaintiff." *E. Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 506 (S.D.N.Y. 1999).